AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means

☐ Original ☐



CLERK'S OFFICE
A TRUE COPY
May 15, 2024
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) |
| U.S. Postal Service (USPS) Priority Mail parcel 9505510415784130567590 | ) ) ) ) |

Case No. **24-M-413 (SCD)**

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Eastern_____ District of _____Wisconsin_____
*(identify the person or describe the property to be searched and give its location)*:

USPS Priority Mail parcel 9505510415784130567590 ("SUBJECT PARCEL"). SUBJECT PARCEL is approximately 11 1/2x 11x 6 1/2″  and weighed approximately 7 lbs.  6 oz.  The shipping label for the SUBJECT PARCEL indicates it is from "Richard Kinard Calle 10 NE Num 1169 Puerto Nuevo San Juan Puerto Rico 00920."  SUBJECT PARCEL bears a handwritten label addressed to "Michelle Ball 5059 N. 46th St. Milwaukee, WI 53218." SUBJECT PARCEL was postmarked on May 9, 2024, in San Juan, Puerto Rico.  The postage paid was $24.75.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

A controlled substance, fruits of crime, or other evidence of distribution of a controlled substance, and unlawful use of a communication facility, in violation of 21 U.S.C. §§ 841(a)(1), 843(b), and 846.

**YOU ARE COMMANDED** to execute this warrant on or before _____5-29-24_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ .
                                                                                   *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:      5-15-24. 3:25 pm
                                        _____        *Stephen C. Dries* (signature)
                                                                                              *Judge's signature*

City and state:        Milwaukee, Wisconsin              Hon. Stephen C. Dries, U.S. Magistrate Judge
                                                                                  *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_Executing officer's signature_

_Printed name and title_

**ATTACHMENT A**

*Property to be searched*

The property to be searched is for USPS Priority Mail parcel **9505510415784130567590** (“**SUBJECT PARCEL**”). **SUBJECT PARCEL** is approximately 11 1/2″ x 11″ x 6 1/2″ and weighed approximately 7 lbs. 6 oz. The shipping label for the **SUBJECT PARCEL** indicates it is from “Richard Kinard Calle 10 NE Num 1169 Puerto Nuevo San Juan Puerto Rico 00920.” **SUBJECT PARCEL** bears a handwritten label addressed to “Michelle Ball 5059 N. 46th St. Milwaukee, WI 53218.” **SUBJECT PARCEL** was postmarked on May 9, 2024, in San Juan, Puerto Rico. The postage paid was $24.75.

1

**ATTACHMENT B**
*Property to be seized*

All fruits, instrumentalities, and evidence of violations of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846. To seize: any controlled substance, and any paraphernalia associated with the manufacture and distribution of controlled substances including packaging materials and containers to hold controlled substances; proceeds of drug trafficking activities, such as United States currency, money orders, bank checks, precious metals, financial instruments; and drugs or money ledgers, drug distribution or customer lists, drug supplier lists, correspondence, notations, logs, receipts, journals, books, records, and other documents noting the price, quantity, or times when controlled substances were obtained, transferred, sold, distributed, or concealed.

1

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Wisconsin



CLERK'S OFFICE
A TRUE COPY
May 15, 2024
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No. **24-M-413 (SCD)** |
| USPS Priority Mail parcel 9505510415784130567590 | ) ) ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

USPS Priority Mail parcel 9505510415784130567590 mailed from San Juan, Puerto Rico.

located in the _____ Eastern _____ District of _____ Wisconsin _____ , there is now concealed *(identify the person or describe the property to be seized)*:

A controlled substance, fruits of crime, or other evidence of distribution of a controlled substance, and unlawful use of a communication facility, in violation of 21 U.S.C. §§ 841(a)(1), 843(b) and 846.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

❏ property designed for use, intended for use, or used in committing a crime;

❏ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of a controlled substance, unlawful use of a communication facility, |
| 21 U.S.C. § 843(b) | and conspiracy. |
| 21 U.S.C. § 846 | |

The application is based on these facts:

Please see attached affidavit, which is hereby incorporated by reference.

☑ Continued on the attached sheet.

❏ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Christopher Conway*
*Applicant's signature*

Christopher CONWAY, TFO, USPIS
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

telephone _____ *(specify reliable electronic means)*.

Date: 5-15-24 _____

*Stephen C. Dries*
*Judge's signature*

City and state: Milwaukee, Wisconsin

Hon. Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

I, Christopher Conway, being first duly sworn, hereby depose and state as follows;

## I.    BACKGROUND, TRAINING, AND EXPERIENCE:

1.      I am currently a Task Force Officer assigned to the United States Postal Inspection Service ("USPIS").  I have been employed as a Police Officer since December 2002 with the Milwaukee Police Department.

2.      I am currently assigned to the USPIS Milwaukee Office, Multi-function team, as well as being placed on the North Central High Intensity Drug Trafficking Area ("HIDTA") Interdiction Unit.  I have been assigned to North Central HIDTA Interdiction Unit since 2018 as an investigator.  I have also been assigned to numerous other specialty units in the Milwaukee Police Department during my career, which involved narcotics investigations.  The USPIS Milwaukee Office investigates USPS customers involving narcotics, prohibited mailings, controlled substances, and other matters related to the Postal Service.  The Milwaukee office's team has intercepted numerous parcels, which were found to contain narcotics or proceeds of narcotics trafficking and other criminal activity.

3.      The USPIS is the primary investigative arm of the United States Postal Service ("USPS") and is charged under Title 18, United States Code, 3061 with the enforcement of laws governing the use and movement of the United States Mail, including, but not limited to, the misuse and fraudulent schemes involving the mail, crimes relating to mail fraud, identity theft, and narcotics trafficking involving the U.S. Mail.

4.      I have participated in numerous complex narcotics investigations that involved violations of state and federal controlled substances laws including Title 21, United States Code, Sections 841(a)(1) and 846 (possession with intent to distribute a controlled substance and

1

conspiracy to possess with intent to distribute a controlled substance), and other related offenses. I have had both formal training and have participated in numerous complex drug trafficking investigations. More specifically, my training and experience includes the following:

a. I have used informants to investigate drug trafficking. Through informant interviews, and extensive debriefings of individuals involved in drug trafficking, I have learned about the manner in which individuals and organizations distribute controlled substances in Wisconsin and throughout the United States;

b. I have also relied upon informants to obtain controlled substances from dealers, and have used undercover officers to make purchases of controlled substances from dealers;

c. I have participated in several search warrants where controlled substances, drug paraphernalia, and drug trafficking records were seized;

d. I am familiar with the appearance and street names of various drugs, including marijuana, heroin, cocaine, cocaine base (unless otherwise noted, all references to crack cocaine in this affidavit is cocaine base in the form of crack cocaine), ecstasy, and methamphetamine. I am familiar with the methods used by drug dealers to package and prepare controlled substances for sale. I know the street values of different quantities of the various controlled substances;

e. I am familiar with the language utilized over the telephone to discuss drug trafficking, and know that the language is often limited, guarded, and coded;

f. I know that drug traffickers often use electronic equipment and wireless and land line telephones to conduct drug trafficking operations;

g. I know that drug traffickers commonly have in their possession, and at their residences and other storage locations where they exercise dominion and control, firearms, ammunition, and records or receipts pertaining to such;

h. I know that drug traffickers often use drug proceeds to purchase assets such as vehicles, property, and jewelry. I also know that drug traffickers often use nominees to purchase and/or title these assets in order to avoid scrutiny from law enforcement officials;

i. I know large-scale drug traffickers maintain on-hand large amounts of U.S. currency to maintain and finance their ongoing drug business;

j. I know it is common for drug traffickers to maintain books, records, receipts, notes, ledgers, airline tickets, and receipts relating to the purchase of financial instruments, and/or the transfer of funds and other papers relating to the transportation, ordering, sale, and distribution of controlled substances. I also know that the aforementioned books, records, receipts, notes, ledgers, etc. are maintained where the traffickers have ready access to them;

5. Based on my training and experience, on the job training, and working with other USPIS Postal Inspectors and HIDTA drug task force officers, I know narcotics, drugs, paraphernalia, controlled substances, and moneys associated with the sale of narcotics, drugs, and

2

controlled substances are sent through the USPS system, and I am familiar with many of the methods used by individuals who attempt to use the USPS to illegally distribute controlled substances.

## II.    PURPOSE OF AFFIDAVIT

6.      This affidavit is made in support of a search warrant for the **SUBJECT PARCEL** (described below) for items that constitute the fruits, instrumentalities, and evidence of violations of Title 21, United States Code, Sections 841(a)(1) (Distribution and Possession with Intent to Distribute a Controlled Substance), 843(b) (Unlawful Use of a Communication Facility, including the mails, to Facilitate the Distribution of a Controlled Substance), and 846 (Conspiracy to Possess with Intent to Distribute and Distribution of Controlled Substances). To seize: any controlled substance, and any paraphernalia associated with the manufacture and distribution of controlled substances including packaging materials and containers to hold controlled substances; proceeds of drug trafficking activities, such as United States currency, money orders, bank checks, precious metals, financial instruments; and drugs or money ledgers, drug distribution or customer lists, drug supplier lists, correspondence, notations, logs, receipts, journals, books, records, and other documents noting the price, quantity, and/or times when controlled substances were obtained, transferred, sold, distributed, and/or concealed.

## III.    PARCEL TO BE SEARCHED

7.      This affidavit is made in support of an application for a search warrant for USPS Priority Mail parcel **9505510415784130567590** ("**SUBJECT PARCEL**"). **SUBJECT PARCEL** is approximately 11 1/2″ x 11″ x 6 1/2″ and weighed approximately 7 lbs.  6 oz.  The shipping label for the **SUBJECT PARCEL** indicates it is from "Richard Kinard Calle 10 NE Num 1169 Puerto Nuevo San Juan Puerto Rico 00920."  **SUBJECT PARCEL** bears a handwritten label

3

addressed to "Michelle Ball 5059 N. 46th St. Milwaukee, WI 53218." **SUBJECT PARCEL** was postmarked on May 9, 2024, in San Juan, Puerto Rico.  The postage paid was $24.75.

**IV.    PROBABLE CAUSE**

8.    I review Postal Service records and labels of parcels delivered to the state of Wisconsin from source narcotics areas or sent to those source narcotics areas from Wisconsin. I do this because I know, based on my training and experience, drug traffickers will sometimes use USPS Priority Mail Express service, which is the intended USPS one-day delivery product or USPS Priority Mail service, which is the intended USPS two-day delivery product.  Based on my training and experience with the USPIS, I know drug traffickers use Priority Mail or Priority Mail Express delivery service because of its reliability and the ability to track the article's progress to the intended delivery point.  In my training and experience, traffickers will often use fictitious names and/or addresses as well as incomplete names and addresses in an attempt to hide their trafficking efforts from law enforcement.

9.    Based on my training and experience, I am aware Puerto Rico is a source area for controlled substances.  As such, controlled substances are frequently transported from Puerto Rico via the USPS, and the proceeds from the sale of the controlled substances are frequently returned to Puerto Rico via the USPS and/or other means.  These proceeds are generally in large amounts of money, oftentimes over $1000.

10.    On May 15, 2024 I was conducting parcel screening at the USPS Priority Processing Annex, located at 2201 E. College Ave. Milwaukee, Wisconsin 53154, when the **SUBJECT PARCEL** was found to be suspicious.

4

*CLEAR database query and Investigation*

11.     The Consolidated Lead Evaluation and Reporting ("CLEAR") database is a public records product that is designed for law enforcement officers in locating subjects and witnesses, verifying identities of individuals, and gathering background information for use in investigations. I conducted a search of the CLEAR databases for the sender and receiver information located on the **SUBJECT PARCEL**. A search of the CLEAR database revealed no one by the name of "Michelle Ball" resides or ever resided at the address 5059 N. 46th St. Milwaukee, WI. Also a search of CLEAR database showed that no one by the name of "Richard Kinard" resides in Puerto Rico or Milwaukee, WI.

12.     As described above, visual inspection of the **SUBJECT PARCEL** was indicative of drugs trafficked through the United States Mail from Puerto Rico into the interior of the United States. More specifically, the **SUBJECT PARCEL** bears a fictitious recipient and sender and a return address originating from a drug source state.

13.     On May 13, 2024 P.O. Joseph ESQUEDA conducted surveillance on 5059 N. 46th St. and observed a white 2022 Volkswagen Taos with North Carolina Registration plate KBC7147 parked in the driveway. P.O. ESQUEDA also observed an unknown B/M subject standing on the front porch. Upon a check of the NC Reg.#KBC7147 it came back as a rental vehicle. P.O. ESQUEDA contacted the rental company and found that this vehicle was rented by a Devonte Smith 05-06-92. P.O. ESQUEDA compared a photograph of SMITH to the B/M subject standing on the front porch and positively identified this subject as SMITH.

14.     I conducted a check of SMITH and located that he is on probation with the WI Department of Community Corrections (DOCC) and has an active felony warrant for a violation of probation. SMITH is on probation for POCS with Intent to Deliver Cocaine and Heroin. I also

located that SMITH has another felony warrant with the Milwaukee Police Department for Strangulation, Battery, Criminal Damage to Property, and Disorderly Conduct. This incident occurred in January 2024 at 5059 N. 46th St. with a girlfriend of SMITH's. The victim (SMITH's girlfriend) resides at 5059 N. 46th St. The address 5059 N. 46th St. is where the **SUBJECT PARCEL** is being sent to.

*K9 alert to the SUBJECT PARCEL*

15. On May 15, 2024, I met with the Milwaukee Police Department Police Officer Chris Navarrette ("PO Navarrette") and his canine "CZAR" at the High Intensity Drug Trafficking Area ("HIDTA") office. Together, PO Navarrette and canine CZAR are a certified drug detection team. Canine CZAR alerts to the odor of a controlled substance (specifically heroin, cocaine, marijuana, methamphetamine and other controlled substances made with like components) by passively sitting and staring at the area or object emitting or containing the odor of the controlled substances he is trained to alert to. PO Navarrette and canine CZAR have received four weeks of intensive training and certification through Shallow Creek Kennels, deploying and utilizing a drug detection canine; that this certification (July 2019) is based on guidelines set forth by the North American Police Work Dog Association (NAPWDA), which is a nationally based group in partnership with local, state, federal and international agencies including private vendors, law enforcement and first responder; that this training establishes consensus-based best practices for the use of detection canine teams by improving the consistency and performance of deployed teams, which will improve interdiction efforts as well as courtroom acceptance. PO Navarrette and canine CZAR have detected controlled substances more than 400 times in the past (including training); that in each alert drugs that canine CZAR is trained to find have been recovered; and

6

that canine CZAR alerts have been the basis for more than forty search warrants and five vehicle sniffs.

16.     On May 15, 2024, I placed the **SUBJECT PARCEL** on the ground in the HIDTA office along with four others similarly sized empty parcels.  PO Christopher NAVARRETTE advised me that CZAR located and indicated to the parcel known to me to be the **SUBJECT PARCEL**.  PO Navarrette informed me that CZAR's indication denoted the presence of controlled substances or other items, such as proceeds of controlled substances, which have been recently contaminated with, or associated with the odor of one or more controlled substances that CZAR is trained to detect.

17.     Based upon the information as outlined in this affidavit, I believe there is probable cause to indicate the contents of the **SUBJECT PARCEL** is drug related, and thus constitutes the fruits, instrumentalities, and evidence of violation of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846.

18.     Because this affidavit is submitted for the limited purpose of securing authorization for a search warrant, I have not included each and every fact known to me concerning this investigation and search warrant application.  I have set forth only the facts that I believe are essential to establish the necessary foundation for the requested search warrant.

19.     The **SUBJECT PARCEL** is currently secured at the HIDTA Office.

20.     Further, it is respectfully requested that this Court issue an order pursuant to Title 18 U.S.C. § 3103a(b), finding that immediate notification may have an adverse result listed in Title 18 U.S.C.§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized for a period up to 180 days, unless an extension is requested.  I believe that immediate notification of the contents

7

of this affidavit and related documents may have a significant and negative impact on the investigation into postal-based drug trafficking and may severely jeopardize its effectiveness.

**ATTACHMENT A**

*Property to be searched*

The property to be searched is for USPS Priority Mail parcel **9505510415784130567590** (“**SUBJECT PARCEL**”). **SUBJECT PARCEL** is approximately 11 1/2″ x 11″ x 6 1/2″ and weighed approximately 7 lbs. 6 oz. The shipping label for the **SUBJECT PARCEL** indicates it is from “Richard Kinard Calle 10 NE Num 1169 Puerto Nuevo San Juan Puerto Rico 00920.” **SUBJECT PARCEL** bears a handwritten label addressed to “Michelle Ball 5059 N. 46th St. Milwaukee, WI 53218.” **SUBJECT PARCEL** was postmarked on May 9, 2024, in San Juan, Puerto Rico. The postage paid was $24.75.

1

**ATTACHMENT B**
*Property to be seized*

All fruits, instrumentalities, and evidence of violations of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846. To seize: any controlled substance, and any paraphernalia associated with the manufacture and distribution of controlled substances including packaging materials and containers to hold controlled substances; proceeds of drug trafficking activities, such as United States currency, money orders, bank checks, precious metals, financial instruments; and drugs or money ledgers, drug distribution or customer lists, drug supplier lists, correspondence, notations, logs, receipts, journals, books, records, and other documents noting the price, quantity, or times when controlled substances were obtained, transferred, sold, distributed, or concealed.

1